UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Deborah A. Neenan

    v.                                              Civil No. 13-cv-435-JD
                                                      Opinion No. 2013 DNH 163

CitiMortgage, Inc.


O R D E R

After her home was sold in a foreclosure sale on August 27, 2013, Deborah A. Neenan filed an emergency ex parte petition for a temporary restraining order and a verified complaint against CitiMortgage, Inc. in state court.  On September 26, 2013, the state court granted, in part, the petition for a temporary restraining order to maintain the status quo pending a preliminary hearing to be held within ten days.[1]  CitiMortgage removed the case to this court on October 1, 2013.

CitiMortgage now moves to dismiss Neenan's claims.  Neenan objects to the motion to dismiss and also moves to remand the case to state court for lack of subject matter jurisdiction. CitiMortgage has filed a reply to Neenan's objection and objects to Neenan's motion to remand.

---

[1] The temporary restraining order expired no later than October 7, 2013.  See N.H. Super. Ct. R. 161(a) (now N.H. Super. Ct. R. 48).

I.  Motion to Remand

Neenan contends that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because her claims do not meet the amount in controversy requirement.[2]  Subject matter jurisdiction under § 1332 requires complete diversity between the parties and an amount in controversy that exceeds $75,000. § 1332(a).  When subject matter jurisdiction is challenged following removal from state court, the removing party bears the burden to show that federal jurisdiction exists.  Ortiz-Bonilla v. Fed'n de Ajedrez de P.R., Inc., --- F.3d ---, 2013 WL 4457427, at *4 (1st Cir. Aug. 21, 2013).  Therefore, while diversity of citizenship is not challenged here, CitiMortgage must show that the amount in controversy exceeds $75,000.

In support of the notice of removal, CitiMortgage asserted that the jurisdictional amount was met because the fair market value of the foreclosed property exceeded $75,000.  Neenan contends that her claims do not challenge the validity of the foreclosure but instead seek damages for CitiMortgage's conduct

---

[2] As a fall-back argument, Neenan also suggests that the court should abstain from deciding her claims because they raise a state law policy issue pertaining to "self-help eviction."  In support, Neenan simply cites a 1946 Fifth Circuit case and a 1980 case from the Eastern District of Wisconsin.  Neither case supports abstention here.  Further, Neenan did not allege a claim challenging "self-help eviction."

after the foreclosure.  For that reason, she contends, the fair market value of the property is not pertinent to the amount in controversy.

Neenan alleges claims in her complaint as follows: Count I, Willful, Criminal Trespass; Count II, Theft of Utility Services (RSA 539:7); Count III, Unfair & Deceptive Trade Practices (RSA Chapter 358-A); Count IV, Wrongful Eviction: Violation of RSA 540-A:2 and 3; Count V, Conversion; Count VI, Intentional Infliction of Emotional Distress; and Count VII, Negligent Infliction of Emotional Distress.  She seeks injunctive relief to prohibit CitiMortgage from "continuing to deprive the Plaintiff of lawful possession of her real property," "from entering onto or into the Premises," and to enjoin CitiMortgage from recording the foreclosure deed.  Neenan also asks for "immediate and interim damages" of $25,000 and reserves the right to seek additional damages.

In support of diversity jurisdiction, CitiMortgage notes that in addition to damages, Neenan seeks injunctive relief that would deprive CitiMortgage of ownership of the property.  For that reason, CitiMortgage contends, the value of the property is part of the measure of the amount in controversy.  Neenan focuses exclusively on the damages she seeks.

"'Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation.'"  Barbosa v. Wells Fargo Bank, N.A., 2013 WL 4056180, at *4 (D. Mass. Aug. 13, 2013) (quoting Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) and citing 14A Charles Alan Wright, et al., Federal Practice & Procedure § 3702.5 (4th ed. 2011)).  When the plaintiffs challenge the right or title to the property following a foreclosure sale, the appropriate measure of the amount in controversy includes the value of the property in question.  Id.; see also Bedard v. MERS, Inc., 2011 WL 1792738, at *3 (D.N.H. May 11, 2011).

As is noted above, CitiMortgage bears the burden of showing that the amount in controversy, including the value of the property, exceeds $75,000.  Barbosa, 2013 WL 4056180, at *4.  CitiMortgage has demonstrated that it bought the property at issue in this case at the foreclosure sale on August 27, 2013, for $220,848.68.  Therefore, the amount in controversy exceeds $75,000.  Federal subject matter jurisdiction exists under § 1332.  The motion to remand is denied.

II. Motion to Dismiss

CitiMortgage argues that Neenan's claims are barred because she did not seek to enjoin the foreclosure before it occurred. See RSA 479:25,II. CitiMortgage also argues that even if Neenan's claims are not barred by the requirements of RSA 479:25,II, they should be barred because she unreasonably delayed filing this action. Further, CitiMortgage contends that the claims fail on the merits as a matter of law.

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted). "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility." Id. (internal quotation marks omitted).

B.  RSA 479:25,II

Any action or right of action of a mortgagor to challenge the validity of a foreclosure is barred unless the mortgagor instituted a petition to enjoin the foreclosure sale before it occurred.  RSA 479:25,II.  RSA 479:25,II, therefore, "bars any action based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale."  Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985).  CitiMortgage contends that Neenan's claims are barred because she did not institute a petition to enjoin the foreclosure sale before it occurred.

Neenan did not address the bar under RSA 479:25,II in her complaint or in her objection to CitiMortgage's motion to dismiss.
Because Neenan did not file a petition to challenge the foreclosure sale before it occurred, she is barred from challenging the validity of the foreclosure sale.  See Magoon v. Fed. Nat'l Mortg. Ass'n, 2013 WL 4026894, at *1 (D.N.H. Aug. 6, 2013).  As a result, to the extent Neenan's claims are based on a theory that the foreclosure sale is invalid, regardless of the stated cause of action, they must be dismissed.

C. <u>Claims</u>

Neenan's claims are Count I, Willful, Criminal Trespass; Count II, Theft of Utility Services (RSA 539:7); Count III, Unfair & Deceptive Trade Practices (RSA Ch. 358-A); Count IV, Wrongful Eviction: Violation of RSA 540-A:2 and 3; Count V, Conversion; Count VI, Intentional Infliction of Emotional Distress; and Count VII, Negligent Infliction of Emotional Distress.  In response to CitiMortgage's motion to dismiss, Neenan asserts that CitiMortgage should be treated as a landlord and with her as a tenant of the property sold at the foreclosure sale, that CitiMortgage improperly evicted her from the property, that the foreclosure sale is not complete, that CitiMortgage stole her property, and that CitiMortgage misinterpreted her misrepresentation claims.

1. <u>Criminal Trespass, Theft of Utility Services - Counts I and II</u>

Criminal trespass is governed by RSA 635:2,I, and theft of utility services is governed by RSA 539:7.  CitiMortgage asserts, and Neenan does not dispute, that no private cause of action exists under those statutes.  <u>See, e.g.</u>, <u>Snierson v. Scruton</u>, 145 N.H. 73, 79 (2000); <u>Marquay v. Eno</u>, 139 N.H. 708, 715-16 (1995). Therefore, Counts I and II are dismissed.

### 2. Violation of RSA 358-A - Count III

Neenan alleges that CitiMortgage violated New Hampshire's Consumer Protection Act, RSA 358-A, because "[t]he Defendant's acts constitute unfair and deceptive acts or practices prohibited by RSA 358-A:2." Compl. ¶ 30. She has not alleged any facts to support the bare conclusory statement, which dooms the claim under the Rule 12(b)(6) standard. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition, CitiMortgage moves to dismiss on the ground that it is exempt from RSA 358-A because it is subject to the jurisdiction of the bank commissioner. See RSA 358-A:3; Monzione v. U.S. Bank, N.A., 2013 WL 310013, at *3 (D.N.H. Jan. 25, 2013). Neenan does not dispute CitiMortgage's immunity and does not pursue her claim under RSA 358-A in her objection to the motion to dismiss.

### 3. Wrongful Eviction - Count IV

Neenan alleges in Count IV that CitiMortgage wrongfully evicted her in violation of RSA 540-A:2 and 540-A:3. CitiMortgage moves to dismiss on the ground that it was not and is not Neenan's landlord. In her objection to the motion to dismiss, Neenan asserts that CitiMortgage "exercised dominion and control" over her property and should be treated as a landlord

under RSA 540-A:2 and that CitiMortgage impermissibly exercised self-help eviction.

    a.   Chapter 540-A - Landlord-Tenant

In support of her claim that CitiMortgage wrongfully evicted her in violation of RSA 540-A:2 and RSA 540-A:3, Neenan relies on Case v. St. Mary's Bank, 164 N.H. 649, 655 (2013), Evans v. J Four Realty, LLC, 164 N.H. 570 (2013).  In Case, the plaintiff was a tenant in a building owned by a landlord who had financed the purchase of the property through two mortgages from St. Mary's Bank.  Id., 164 N.H. at 651.  The bank conducted a foreclosure sale of the property, which was stayed by the landlord's bankruptcy filing.  Id. at 652.  The building became uninhabitable due to lack of upkeep; the city prohibited occupancy, and the tenant could no longer live in his apartment.  Id.  The bank then sold the property at a foreclosure sale.  Id.  When the tenant returned to his apartment after the sale, the door was open and many of his possessions were missing.  Id.  The New Hampshire Supreme Court rejected the plaintiff's claims against the bank, holding that the bank was not the owner of the property and not a landlord, within the meaning of RSA 540-A:1.  Id. at 657-58.

In this case, no landlord-tenant relationship existed between Neenan and CitiMortgage before the foreclosure sale. Neenan has not alleged facts to support a theory that CitiMortgage was or is her landlord within the meaning of RSA 540-A:1. Neither the analysis nor the holding in Case supports Neenan's claims here.

Neenan's reliance on Evans v. J Four Realty, LLC, 164 N.H. 570 (2013), is misplaced for the same reasons. Unlike the plaintiff in Evans, Neenan has not alleged facts to show that she was a tenant in the property sold at the foreclosure sale. In Evans, the plaintiff was a tenant of the property prior to the foreclosure sale and became a tenant at sufferance after the sale. Id. at 576. The buyer at the foreclosure sale was deemed not to be a landlord within the meaning of RSA chapter 540-A because the plaintiff's prior lease was with the prior owner. Id. Neenan has not alleged grounds to support a persuasive theory of wrongful eviction in the circumstances of this case.

    b.   Impermissible Self-Help Eviction

Although Neenan argues a theory of impermissible self-help eviction in her objection to CitiMortgage's motion to dismiss, she did not allege that claim in her complaint. As a result, she has not alleged facts to support a claim of wrongful self-help

eviction.  See RSA 540:12; Evans, 164 N.H. at 577-78; Greelish v. Wood, 154 N.H. 521, 527 (2006).

    4.   Conversion - Count V

In support of her conversion claim, Neenan alleges that CitiMortgage "wrongfully took possession of the Plaintiff's personal property with an improper purpose" and "wrongfully took possession of the Plaintiff's Premises with an improper purpose." CitiMortgage moves to dismiss on the grounds it owns the "Premises" and that the conversion claim fails as to her personal property because she had abandoned that property when she did not remove it and did not notify CitiMortgage that she did not intend to abandon the property.

Neenan alleges that the Premises were "allegedly" sold at a foreclosure sale on August 27, 2013, and that the locks were changed on August 30.  She alleges that between August 20 and September 6, 2013, she made several unsuccessful "attempts to regain possession of her Premises by telephoning the Defendant [CitiMortgage]."  Compl. ¶ 11.  On September 6, 2013, CitiMortgage allowed her to enter the Premises, and she found that the utilities had been terminated and "tagged" as if the Premises was being winterized and that the Premises was reported as vacant to her insurance company.

Neenan further alleges that "[a]t all relevant times [she] had personal property at the Premises and resided there."  Compl. ¶ 14.  She states that she "returned home from work on Friday, September 20, 2013 to find that all of her personal belongings had been removed from the Premises."  Compl. ¶ 17.  CitiMortgage told Neenan on September 23 that her personal property had been taken to the "local Waste Management site."  Compl. ¶ 19.  Neenan has been unable to find her personal property.

"An action for conversion is based on the defendant's exercise of dominion or control over goods which is inconsistent with the rights of the person entitled to immediate possession."  <u>Rinden v. Hicks</u>, 119 N.H. 811, 813 (1979); <u>Riggs v. Peschong</u>, 2009 WL 604369, at *3 (D.N.H. Mar. 5, 2009).  The party asserting conversion bears the burden of showing her right to property and that the defendant's actions were unlawful.  <u>Marcucci v. Hardy</u>, 65 F.3d 986, 991 (1st Cir. 1995).  Abandonment or apparent abandonment is a complete defense to conversion.  <u>Rinden</u>, 119 N.H. at 813.

a.  <u>Premises</u>

Neenan argues that CitiMortgage had not become the owner of the Premises when she filed her complaint because it had not recorded the foreclosure deed and because the state court

injunction precludes recording the deed.³  As CitiMortgage points out, Neenan lost both equitable and legal interest in the Premises when CitiMortgage bought the property at the foreclosure sale on August 27, 2013.⁴  Barrows v. Boles, 141 N.H. 382, 393 (1996).  Although legal title to property sold at a foreclosure sale does not pass to the purchaser until the deed and affidavit are recorded, RSA 479:26, that requirement does not affect the former mortgagor's interest in the foreclosed property.  Barrows, 141 N.H. at 393.  Therefore, Neenan lost her interest in the Premises at the foreclosure sale and has not alleged facts to show that she had any right to the Premises after the sale.

    b.  Personal Property

Neenan alleges that CitiMortgage is liable in conversion for the loss of her personal property.  CitiMortgage contends that Neenan abandoned the personal property left in the Premises and failed to notify CitiMortgage that she did not intend to abandon the property.  Under New Hampshire law, however, "abandonment

---

³As noted above and by CitiMortgage in its reply, the state court injunction expired in early October of 2013.

⁴The operation of bankruptcy law discussed in In re Beeman, 235 F.R. 519, 524 (Bankr. D.N.H. 1999), has no effect here when no petition in bankruptcy has been filed.  See In re Carbonneau, 499 B.R. 166, 171 (Bankr. D.N.H. 2013).

requires 'both the intent to abandon the [chattel] and an overt act of abandonment.'" Foley v. Town of Lee, 871 F. Supp. 2d 39, 56 (D.N.H. 2012) (quoting New Hampshire v. Elementis Chem., Inc., 152 N.H. 794, 802-03 (2005)).

In response, Neenan states that she did not abandon her property because she was living at the Premises at the time of the foreclosure sale and continued to live there "but for being locked out of her own home." Despite that statement, it appears from the allegations in the complaint that Neenan left the Premises on or before August 20 and did not return to the Premises until CitiMortgage gave her access on September 6. When Neenan returned to the Premises on September 6, she found that the utilities had been turned off and that the Premises had been reported as vacant to her insurance company. Nevertheless, she left personal possessions there. When Neenan visited two weeks later on September 20, she discovered that her personal property had been removed.[5] CitiMortgage does not suggest that it gave Neenan notice that her personal property would be removed from the Premises.

---

[5]Neenan says that she "returned home from work" that day, although her allegations indicate that she had not lived at the Premises since August 20.

Although CitiMortgage's defense of abandonment may ultimately prevail, the claim of conversion of personal property cannot be resolved on the pleadings. Taking the facts alleged in the complaint in the light most favorable to Neenan, it is not clear that Neenan both intended to abandon the property left at the Premises and that she took an overt act of abandonment. See Foley, 871 F. Supp. 2d at 56. Therefore, the claim cannot be dismissed at this stage of the proceedings.

5.  Emotional Distress - Counts VI and VII

CitiMortgage moves to dismiss Neenan's claims for negligent and intentional infliction of emotional distress on the grounds that she has not alleged the essential elements of either claim. In support of negligent infliction of emotional distress, Neenan states: "The Defendant did commit the above-referenced acts negligently. [] As a direct and proximate cause of the Defendant's acts, the Plaintiff has suffered weight-loss, anxiety, vomiting, sleeplessness, crying, embarrassment, confusion, depression, pain, anger, confusion and pain." Compl. ¶¶ 43 & 44. Her intentional infliction of emotional distress claim is the same except that it alleges that CitiMortgage acted "intentionally". In her objection, Neenan simply lists the elements of a claim of negligent infliction of emotional

distress, without discussion or factual analysis, states that she has alleged the "necessary elements," and asserts that a claim of intentional infliction of emotional distress raises a "question of fact."

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege facts to support the claim.  She "must articulate 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  Edlow v. RBW, LLC, 688 F.3d 26, 31 (1st Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Neenan does not allege what CitiMortgage did negligently or intentionally that caused her emotional distress.  See Tessier v. Rockefeller, 162 N.H. 324, 342 (2011) (elements of negligent infliction of emotional distress); id. at 341 (elements of intentional infliction of emotional distress).  In addition, with respect to her intentional infliction of emotional distress claim, Neenan fails to provide any facts that would support a claim of extreme or outrageous conduct.  Id.  Because Neenan's allegations in the complaint provide only conclusory repetition of the elements of the causes of action, albeit with some facts about the injuries she claims, she has not sufficiently alleged claims for infliction of emotional distress to avoid dismissal.

Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 7) is denied. The defendant's motion to dismiss (document no. 5) is granted as to Counts I, II, III, IV, V - as to conversion of the Premises, VI, and VII. The motion is denied as to that part of Count V alleging conversion of personal property. The only claim remaining in the case is for conversion of personal property.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 26, 2013

cc: William J. Amann, Esquire
    Katherine Ann Guarino, Esquire
    Alexander G. Henlin, Esquire
    John A. Houlihan, Esquire